Please support John Rizzotti for the appellant. I appreciate you considering this case. With me is my colleague Diana Schuchas. What we're seeking today, very simply, is asking you to reverse the District Court who found that the bankruptcy court erred when it denied the motion for reconsideration that was purported. It's a somewhat unusual case in terms of how it comes to you, because the bankruptcy court had not ruled on the July 2015 bankruptcy court that was due to trial. There was no findings. Well, it did. I mean, this is really quite bizarre, because it did rule. And all that happened, as I understand it, is that there was no writing issued. I stand corrected, Judge. There was no writing entered. The judge did rule, but there was no presentation of the findings, conclusions of the law or final judgment. We take responsibility for not presenting those in a timely fashion. However, when there was discussion between the parties as to how to resolve the case, we offered to present them. And this motion for reconsideration then was presented to the court. So the bankruptcy court was faced with a motion that it had to decide upon. But to this day, nobody has issued a final judgment. I'm sorry? But to this day, there's no final judgment. That's correct. So is your theory that there would be another appeal? I'm not sure it's a theory. I think we have a situation where if you do reverse, we go back for the fact and look to the judgment, and that could be another appeal. But there's a new federal civil procedure that cuts off the right to appeal after 150 days. I'm not familiar with that. I'm sorry. But I'll look that up quickly. Thank you. So we are in a situation where we're asking that. It is the unusual situation where we simply have a motion for reconsideration submitted to the court and sent it back. And so we're on appeal of simply that motion. So the standard for review, I submit, is again, it's an abusive discretion standard. But more pointedly, since Apelli has conceded in its brief that there were no facts or there's no new law for the court to consider at that in the motion for reconsideration, it is limited to whether or not the bankruptcy court committed manifest error in denying the motion for reconsideration. And so I think that's the very narrow scope of what's before you, and that's the very narrow issue within the scope of that matter. There are three fairly critical issues that we're at issue here. One is the rejection of the lease. The rejection of the lease was done very early in the case. The trustee and the appellant here, the landlord, stipulated that the lease ought to be rejected. The trustee, in exercising her business judgment rule, decided that she wanted to be relieved of the burdens of the lease. And as we have submitted under case law in our brief, this also relieves the trustee of the benefits as well. The benefits and the burdens of a lease are rejected. The parties chose to reserve, quote, all issues, unquote, with regards to the rejection. Now, I think the words were terribly well chosen in hindsight. It would be nice for parties to say we reserved claims and defenses and counterclaims and all other issues and be much more expansive with regards to the reservation. But I think the reservation of all issues is very encompassing, and it would include the issue that the district court commented on, that the appellant failed to raise jurisdiction during the course of the proceedings. In the district court's order, the district court says that the appellant never raised the issue of jurisdiction before this appeal. And that's not correct. Well, if it's jurisdiction, it doesn't matter if anybody raised it. Is it really jurisdiction, or is it something else? Well, I'm just commenting on what we believe is there. Well, why is it jurisdiction? Why would it be jurisdiction? Because Judge Steiner – actually, I think there's two jurisdictional issues. Number one, did Judge Steiner have jurisdiction over the lease to decide issues within the lease in the trial, something that Mr. Guy will undoubtedly talk about during his presentation? The other is the letter of credit jurisdictional issue. So there's two jurisdictional issues here. It's the rejection of the lease out of the bankruptcy state. I understand that, but I don't understand why either of them are jurisdictional issues. They're both merits issues, but why are they jurisdictional issues? Judge Steiner took the position, I believe, that because these items were outside of the estate and no longer property of the estate, that he did not have jurisdiction over those issues. I think that's the way that Judge Steiner couched it and the way that he approached it. But on the rejection question, we know that rejection doesn't basically create a cause of act. It creates a breach just before the petition is filed. So it doesn't mean that there's no jurisdiction over a breach of contract issues or contract-related issue. It just means that there's no pro-executory contract in effect. So how does that lead to a jurisdictional problem? Well, the jurisdictional problem, our position is that if the lease is rejected, the lease is taken out of the bankruptcy estate. And if there are issues associated with the lease that are taken outside of the bankruptcy estate, then the parties can resolve their matter elsewhere, ideally in state court. Or there's another way to resolve a lease issue, and that's through a claims hearing in bankruptcy. So that if the landlord wants to make a claim under the lease for rent that's due, the landlord files a claim, or the trustee can initiate the process by starting a bar date, a deadline for filing claims. We file a claim, and then if we submit a claim, then the trustee has the opportunity to argue that the provisions of 502B6, which is the rent cap, can be utilized to try to lower the claim that the landlord may make against a state property. But a trustee can't say there was a breach before the petition, and however, one consequence of that breach is that you have to give me back my security deposit, so I have a claim against you for not having given me back my security deposit, and that's a claim that I'm asserting essentially as a related claim to bankruptcy, and why can't they do that? Right. Judge Steiner took the position at trial that in ruling on the letter of credit and the letter of credit proceeds, and following the independence principle, which is the only Ninth Circuit law he had, the most current with regards to letter of credit issues at the time, that the letter of credit and its proceeds were, he had no jurisdiction to decide any issues, that those were outside of his ability to decide, and he wasn't going to decide it. So he confined, Your Honor, the answer to that is he confined his ruling to simply the $69,000 cash security deposit that remained to apply it against and found that there was $81,000 of rent due for the first month, and therefore there was no money owed back to the tenant. So he compartmentalized it. He took part of the ---- But that doesn't deal with the rejection problem. That deals with the ---- That's a different issue, yes. I'm sorry? The rejection and the letter of credit are two separate issues. That's correct. That's correct. And I think what's ---- viewing this through the eyes of Judge Steiner at the time and the law that he had in front of him at the time, you know, Judge Steiner did not, was looking, I believe, was operating under authorities under the Ninth Circuit with regards to letters of credit and leases. We don't have any other cases in this circuit that deals with these issues of a commercial lease and a letter of credit. And this type of security deposit that we have before us that I'm obviously very concerned about as a regular bankruptcy lawyer is that the world of executory contracts and leases needs to be honed very carefully because the bankruptcy code has honed it very carefully. 365 deals with contracts and leases, but within 365 it breaks it down carefully. Shopping center leases, aircraft leases, technology issues, they're all given very thoughtful and careful treatment. And I think while, you know, we don't have Judge Steiner's authority to support the proposition, I think it's important that we look at it with regards to what he does or does not have jurisdiction over what is or is not property of the estate. And I just urge that we, that the court look at it with regards to whether or not he committed manifest error. Well, what authority is it to support the proposition that the letter of credit is not property of the estate? Well, you get two issues, Your Honor. Under the independence principle, the relationship between the issuer bank, the bank that issued the letter of credit and the beneficiary. That's not an issue. It's the independence principle. And so there's no claim of the debtor to the letter of credit or the proceeds of the letter of credit. The argument is that once the, that the appellee has it, once the letter of credit proceeds come to the landlord and become, and they then become security deposit, they become commingled or they become part of the security deposit. And the, the trustee can then look to those proceeds with regards to whether or not there's anything going back to the estate. Well, is it look to the proceeds or essentially have a cause of action for damages? Is it look to the proceeds? Are they trying to get back the proceeds? Or are they essentially have a cause of action for damages for having taken, you know, taken out of the property? Well, it's the, the debtor that's going to pay for the money to which they're not accredited, not entitled, which ultimately damages the, the debtor, because the debtor is going to have to pay the bank for that money. The cases, it seems to me the better recent cases from the other circuits looked at it that way. Now, it's not, it's not that they're trying to get back the proceeds that were paid out because they were, but rather they have a claim of action for damages. I agree there are cases from other circuits, but I believe what you have is you have a rather, a longer analysis of that in this case, and it is first there's a lease rejection, then there's a breach of the lease, then this property was actually re-let and there was a new tenant that came in. And then there's a long calculation with regards to how much rent was actually received. But all that hasn't happened yet in this case, right? None of that has happened, yeah. I mean, we haven't done that yet, so that doesn't matter to us at this point. So that's not here. So we don't, so we don't, so we don't know exactly what the outcome of that is going to be. Right, we don't. The question is, is there jurisdiction to decide it? And the, Judge Steiner decided that, you know, he considered the jurisdiction issue because it was part of the motion for reconsideration. He considered these issues. He re-evaluated them. He decided himself, as he's supposed to, whether or not he committed manifest error. He didn't have any law in this circuit to change the independence principle or anything on all fours with regards to leases and letter of credit. Admittedly, there are cases from other jurisdictions, and they do discuss factual situations that deal with certain contract rights and the application of letters of credit. But there's no other case in those circuits or in those cases that deal with leases and letters of credit. There's the Stonebridge case, which is a case that was decided in 2005, but this motion for reconsideration was substantially before that. Stonebridge was, Judge Steiner didn't have the benefit of Stonebridge when he was making his decision. Another point, Your Honor, Judge Bergen, the, some of these cases have considered the application or that the state has the right to go after letter of credit proceeds if the receipt of them fell, was constituted an avoidable preference. So there was a, there was actually a definite preferential recovery action under 547 that could, the trustee could utilize in order to get a letter of credit. And, of course, this is not a 547 preference case. Other cases have said the letter, the amount received by the landlord under a letter of credit has to be taken into account under a 502B6 claims hearing and calculating the caps. So you're... But is it your position that they have no right to this or they have no right to it in the bankruptcy? I mean, I don't see how it could possibly be that the landlord can just keep the money even if he wouldn't be entitled to it under the lease. Was your notion that they can go sue him outside the bankruptcy? Judge Steiner, Judge Steiner decided that it was not part, it was not something he could decide in his court. So I think the only other conclusion, and this is something I thought a great deal about, is that the bank, if you, if you've, if you've read the transcript, in the transcript, counsel for the bank indicates that one of the things they could have done is gone to state court, foreclosed on the collateral that this debtor had pledged to the bank, which would include general intangibles. That would enable the bank to make an argument or go after the debtor with regard or to actually come after the landlord in some sort of a conversion action or arguing that we had possession of collateral that the bank should have had rights to. The bank could do that, you're saying. The bank could do that because of the bank's security interest. What about the debtor? Well, because of how Judge Steiner ruled that the letter of credit and the proceeds are not property of the estate, the debtor is a little bit hamstrung. However, there's nothing precluding a bankruptcy trustee from bringing an action in state court. I see. Well, the problem that I'm having conceptually is that I can understand how, like an unexecuted letter of credit maybe can't be reached by a debtor. But once there's a, if I understand this correctly, if the bank made a payment on the letter of credit and it gives the landlord a deposit, it seems like that's like an account of the debtor at that point. So I'm having trouble understanding why that it would not be. Putting aside all the wonderful precedents that may be out there that I need to study more, but just conceptually understanding a bit about letters of credit and leases, I'm having trouble understanding why that wouldn't at that point be property of the debtor. I think it's an excellent question. It's a difficult question. In the context of this case, Judge Steiner evaluated this in terms of what he felt the letter of credit was, what its relationship was to a bankruptcy estate. I think he labored under, with the independence principle. It's true, but there has to be an answer to this. I mean, you keep saying what Judge Steiner did, but okay, he did it, but the question is was he right or wrong? Now we can get to the question of whether he was manifestly right or wrong, but first we have to know if he was right or wrong. I think he was right. I think he was right, and I think that once a lease is rejected, it's outside of the bankruptcy court. It's outside of the bankruptcy court's jurisdiction. If the assets that are at issue are outside of the bankruptcy court's jurisdiction, then the parties have to figure out a way to go to state court and resolve their issues in state court. Well, does that follow? If the lease is rejected, does that mean the assets related to it are outside of the bankruptcy jurisdiction? If the lease is rejected, there's an instant breach, and the breach makes the letter of credit relevant as security for the landlord. Actually, the letter of credit is activated the minute there's a breach, and it's available to proceed against. So wouldn't that make it property in the estate? It would in that circumstance, Your Honor, but this breach happened before bankruptcy, and the draw on this letter of credit happened before the bankruptcy even began. Okay. When there's a draw on the letter of credit, does the landlord show on the tenant's account that the deposit has been made? Well, I don't know exactly how it was regarded in this situation, but it was accounted for with regards to what has been received. A portion of this letter of credit, the proceeds were transferred to the new buyer. I mean, it has been tracked. But wouldn't the landlord be regarding it as we've received this from the tenant? Now that we've been paid on the letter of credit, that is a credit to the tenant's account. Yeah, there's no other source. I mean, it was received from the bank. The draw was from the bank, but the letter of credit was posted by the tenant. I do think it would be quite a strange thing. It's like a third-party beneficiary of the letter of credit. And it has a function under the contract. I mean, at that point, I suppose the landlord can not simply say, okay, I have all this money, you still owe me all the rent, and I'm just going to take that money, and it has nothing to do with this lease. I mean, obviously, it's attached to the lease, and it is in payment for something connected to the lease. But also in this situation, remember that the subsequent tenant defaulted. But that doesn't matter to us now. Well, I'm going back to why the landlord would have retained this money, actually. You know, why would the landlord have retained that money? But that is to be adjudicated, whether or not they mitigated or didn't mitigate that. It's not relevant to our current question of whether there is jurisdiction over that question, whether or not the landlord is entitled to retain the money because he sufficiently mitigated. That's a different problem. Mm-hmm. Right? I think it is. Okay. Can I go back? I know you're running out of time. Perhaps I'll give you a little more. We'll give you a little extra time, Rebuttal, because you draw one of the hardest technically difficult jurisdictional issues that comes before us. We'll give you some extra time. But I would like to, therefore, ask, go back to the very beginning. Are you aware of any case in which a court has decided, an appellate court has decided to review a motion to reconsider when the underlying judgment is not final? No. I'm sorry, I'm not. Ever anywhere. I mean, there is just something totally bizarre to me about us deciding the propriety of a motion to reconsider when there's no underlying final judgment. It makes it very difficult to completely review the matter, Your Honor. And also, I do think that there's a significant question about whether there is an announced order that isn't reduced to writing that after 150 days, the time for appeal rises, precisely to prevent this, you know, infinite time for appeal. But we're being put in a position of reviewing under a limited review something that hasn't even happened yet. I apologize for not being familiar with that rule, but if that, that would, 180 days was how that ruled? 150 days. 150 days, because the Judge Steiner decided the motion for reconsideration in August of 2003. More than 150 days. There's also a question about whether the motion to reconsider was timely under that. It's, no one's done anything with this. But in any event. I'm sorry, I'm not prepared on that one, Your Honor. Further questions? All right. We'll give you three or four minutes for rebuttal argument, even though your time is up. I appreciate it. And we may send an order, it would be up to the panel, but we may ask the parties to comment in supplemental briefing on this 150-day rule. Thank you very much. Thank you. Mr. Guy. Good morning. You also draw a hard case, so. I do indeed, Your Honor. I may please the Court. Andrew Guy for the trustee in this case, Nancy James. Could you move the speaker so it's a little closer to you, maybe? Yes. Thank you, Your Honor. The bankruptcy court made a fundamental error based on a misunderstanding of the essence of the letter of credit and the claim that was being asserted by the trustee in this case. The questions from the panel, I think, are understandable for a couple of reasons. One is I believe that the landlord, in an effort to try to avoid a resolution of this appeal, has raised a shotgun approach to a variety of arguments at various levels of jurisdiction, et cetera. But this is the underlying essence of where the bankruptcy court went wrong, and that is it misperceived the nature of the action. And there's a basic concept about letter of credit proceeds and the independence principle, which the judge, I think, reacted reflexively about and didn't appreciate the fact that the trustee is simply seeking, as you acknowledge, to recover damages under a lease. If you think about it, a lease has got duties that continue after recovery of course is the return of any unused portion of the security deposit. It's very clear under Washington law that that is a rule. There's a mitigation duty that continues on the part of the landlord. There's also this duty to effectively account for any surplus of the security deposit. This is not a case where the trustee is seeking to get damages for an improper draw on the letter of credit. It's not a case where you're saying the specific dollars that were paid on the letter of credit need to be returned. It is simply the notion that we have a claim, there was a successful mitigation, the landlord was more than made whole and is required to return a portion of that security deposit for the benefit of the estate, for the benefit of the various creditors who this trustee is bound to try to serve by effectively liquidating and bringing into the estate those claims that it has. The ---- How is our view of this issue and of the rejection issue influenced at all by the fact that we're dealing with a motion to reconsider? It's really, as I said before, a fairly bizarre situation. But assuming that we can do this at all, don't we need to find manifest error or we need to find that he abused his discretion in not finding manifest error? Right? And if the district court's position was, well, there is no Ninth Circuit law to the contrary, which I don't think there is, then why wasn't he right that it wasn't a manifest error and that's the end of it? As I say, that's why I started out with the argument that it was a fundamental misunderstanding. It was a fundamental misunderstanding of the nature of the claim, at least as approached by the bankruptcy court. For the court to say that it didn't have jurisdiction over a claim relating to damages for breach of lease is, under the law then existing, manifest, clear error. It was just a mistake. He didn't get it right because he misperceived, or at least perhaps this is charitable, but he misperceived the nature of the claim and acted as if it were a clear error. And that's the basis upon which he got it wrong. And there was a clear error at that point. What about on the rejection issue? The rejection issue was raised, as I recall, by the landlord in response to the motion to reconsider. Yes. We think it was too late. You have a hard time with that because you were also too late. Everybody was too late because the judge was precipitous to begin with. So if they're too late, then you're probably too late, too, because you didn't make much of an argument at the time, either, because he kind of sprung it on all of you. Well, there was no question raised at the time of trial or any time prior to the motion for reconsideration as to whether the effect of the rejection of the lease somehow precluded the court from handling the case or somehow divested the trustee from standing. The notion that the rejection of the lease somehow constitutes a rescission or makes the duty, the landlord's duty to mitigate go away is simply not true. That's not the way it works. The landlord's obligation still is to follow the terms of the lease regarding the retention of any lease security deposit even after rejection. And claims relating to the breach of the lease don't go away just because the lease is rejected. So, again, It's certainly true that if they had sued you, if they had filed it, they did not make a claim in the bankruptcy for the breach of the lease. Is that right? They did not because they were made whole by retaining the security deposit. But so if they had done that, you certainly could have defended on the ground that they couldn't retain, that they had to apply the security deposit or whatever. But I couldn't really find a case in which the debtor had a cause of action on a rejected lease. It seems pretty clear, Your Honor, that claims for recovery of security deposits would continue because that's part and parcel of the basic contract between what was originally the debtor and the landlord. The trustee, of course, once the chapter preceding his file, and this turned into a Chapter 7, the trustee was appointed and has, of course, a statutory duty then to try to recover whatever he can for the benefit of the estate, the creditors of the debtor. And that's the context in which we're talking right now. It's not a question of something going away. As a matter of policy, you wouldn't want the landlord to be able to retain more than it was entitled to under the lease just because the lease is rejected and then have creditors of the debtor left most often unsatisfied, not fully paid on their claims. Why? Because the landlord has been overcompensated. That just doesn't make sense. The concerns that the Court raised regarding the lack of entry of judgment, of course, concern me, because in this case, it was the landlord's lawyer's responsibility to prepare findings and conclusions. It didn't happen. It didn't happen. But you've gone in at some point and said, made a motion to the judge saying, the landlord hasn't done what they're supposed to do. Here's a form of entry of judgment. Please enter it so we can get on with life. It just seems amazing to me that everybody just left all things live for all those years. Your Honor, rightly or wrongly, the approach that we took was to simply try to bring to the Court's attention that the mistakes that it made back in July of 2002 should be clarified or corrected through a motion for reconsideration. Our thought was, rather than go through all the time and effort to have improper findings and conclusions prepared and presented, and from our perspective, when that was, of course, the burden of the landlord's counsel to begin with, then only to try to knock them down and explain to the Court why they were in error. It would be more direct and efficient, frankly, to bring to the Court's attention as we did and through the motion for reconsideration. We did that. The Court ended up, as you know, of course, denying our motion for reconsideration. And that leads us into this question about the standards and such. The reality is that there was a – this Court, I think, the district court, looked de novo at the underlying question because there's no question that the court, this Court or the district court, can't properly consider the reconsideration ruling as to whether it was correct or not without looking at the underlying merits of the underlying issues. And there's no issue here as to what the judge ruled or the basis for his ruling. Findings, conclusions and judgment are ordinarily very important because that's part of the analysis that any reviewing court has to make is what exactly was the ruling and what was the basis. Well, Judge Steiner was very clear as to both of those things. He dismissed based on jurisdiction. He explained the jurisdiction ruling on what we believe was an incorrect perception of the letter of credit issue and restrictions on the bankruptcy court's jurisdiction that simply don't exist. Again, because he misperceived the nature of the action. And so here we're in a situation where the court, the district court and now this panel, has the opportunity to review whether or not there was an abuse of discretion in failing to apply the law. And the reality is that – and there are cases that we've cited in our brief to the effect that the – it's appropriate to review the appropriateness of the bankruptcy court if it misperceives the law or if it misapplies the law. And it did in this case. The bankruptcy court does not have discretion, if you're looking at it as an abuse of discretion standard, to ignore the law or to rule incorrectly. Well, the competing considerations are considerations of finality such that if these arguments were basically made before. I understand one of your arguments here is that you didn't have a chance to make the arguments before. And that may make the consideration on manifest error a little different perhaps. But it's exceedingly – what's disturbing to me is that it's exceedingly rare for us to reverse a judge on – for abuse of discretion in denying a motion to reconsider. The problem here is that we have this very unusual situation where we don't have the – because ordinarily, you know, there's an appeal from the underlying judgment and we can just decide that. And we take a very deferential view on motions to reconsider in general. We don't have the underlying judgment, and there's certainly some impetus, therefore, to take a different view of the motion to reconsider. But it's not necessarily a good idea. I think – I certainly understand and appreciate the Court's dilemma in that regard. I do think that you next look, though, at what's the result if you were to say, well, start all over. Because then we're back two and a half years ago, going back to the Court and presenting presumably the landlord's attorney would present findings and conclusions based on the same rulings that we've been arguing about now for a couple of years. And what I think is what makes a lot more sense in terms of judicial economy, in terms of efficiency, administration justices, the notion of providing the bankruptcy court with guidance, with saying that, you know, the ruling that you made, the oral ruling, was simply not accurate. This is the approach to take. And then we can avoid another round of appeals if you go up for another couple of years. If, in fact, the 150-day rule applies in this context, then, of course, there would be dramatic prejudice to my client, the trustee, and to the creditors of the estate if, in fact, we found ourselves somehow barred procedurally simply because the passage of time and ultimately because the landlord's lawyers didn't do their job. So I would look at it as a matter of equity, as a matter of justice, as well as a matter of efficiency and economy to suggest that the appropriate procedure here would be to affirm the district court's ruling and agree that the bankruptcy court did abuse its discretion with respect to the motion for reconsideration. The district court thought it did not have, as I understand it, didn't have jurisdiction to consider the appeal of the July 2002 rulings, but did have jurisdiction to consider the appeal of the denial of reconsideration. That's exactly correct, Your Honor. That's exactly right. And then so the district court enters a final judgment saying the district court thinks there was an abuse of discretion. Correct. And then we have the appeal of the district court's decision. So it seems like we clearly have jurisdiction to review, at least as I'm seeing it, the district court's ruling on the appeal on the motion to reconsider. I think that's... And I understand why it might be troubling that we don't have the underlying appeal also. There is no underlying appeal. There's no jurisdiction on it. But that happens from time to time. I know that we have a precedent in a totally different administrative law context where we reviewed an appeal of a denial of motion to reconsider when we didn't have jurisdiction over appeal of the underlying decision. So I think it can happen and we can deal with it, but it has to face the tougher manifest error standard. So on that, do I understand correctly that your position is if the bankruptcy judge made a conceptual error about what was the property of the debtor, that was plain, that was a manifest error, and that the district court could say that was an abuse of discretion? Absolutely, Your Honor. The existing law in place in July of 2002 was not somehow complicated or different with respect to the notion that the trustee had a right to bring a claim for breach of lease. And, in fact, it was stipulated to the bankruptcy court's jurisdiction was reserved in the rejection order. The pretrial order specifically provided that the court would have jurisdiction over the case. So all that was covered. And I will tell you, I was floored the morning of the trial when the bankruptcy court raised to the response to this issue about, well, gee, this has to do with a letter of credit. And because there's a letter of credit involved some fashion here, I've got to step back and not exercise any jurisdiction over that part of the case. It was just wrong. And we tried our best to explain to the court at the time that this was not a matter of trying to claim that there was an improper draw on the letter of credit. We tried to explain that, no, we're not trying to get the money that was, you know, the dollars, the specific race that was paid. That's not the issue. The idea is that we have a claim for breach. And, unfortunately, the bankruptcy court just didn't understand and felt constrained. This was not a matter of abstaining. The court did not feel that it had jurisdiction and made clear manifest error on that basis. So I think that you're right. It is right for appeal. The district court ruled, and its ruling I believe is correct in terms of the analysis of the two steps, that just because there's not been an entry of judgment, findings and conclusions, the district court felt that that was not right for appeal, but the consideration was, and the district court dealt with that, dealt with it, I think, correctly. And now this court has jurisdiction to review that district court. And I would encourage affirmance of the district court ruling. I think the district court basically got it right. It looked to the other circuit decisions that addressed this letter of credit issue. It looked at the basic premises about what's property of the estate and the fact that the trustee's claim for breach is clearly under existing law, and while it was existing well before 2002, property of the estate. It's a court receipt. One question is, to get back to the rejection issue for a moment. Yes. The district court then went on and decided a rejection issue. You say it was raised too late. But aside from whether it was raised too late, or maybe this is what you mean, that it was raised too late, if all that was being reviewed was the denial of the motion for reconsideration for manifest error of the original judgment, the original decision had nothing to do with rejection. That's correct. So how would either the district court or us have any authority to do anything but say the district court, the faculty court's decision was manifest error on the basis that it was made, the end? In other words, I'm wondering how the motion, how the rejection issue comes in when we're, because we're dealing with a motion to reconsider. The best that I can answer on that, I guess there are two thoughts. One is, it is an argument that's been raised by the landlord that we simply don't buy, don't agree with. It is true, however, that at the time of the motion for reconsideration, the landlord did raise that rejection argument. And I think ---- As I understood it, and maybe I'm totally off base, but I thought the short answer to that, to Judge Prezan's inquiry, is that the district court was faced with an argument that the rejection of the lease had divested the bankruptcy court of jurisdiction to act on the motion to reconsider. Do I ---- Well, the landlord argued that before the district court. And, of course, he's arguing it here. And I think the short and easy response to all that, when they say that the trustee abandoned the lease, handed the lease back to the debtor, lost standing, those are all phrases from their brief. But they all ignore the fact that there was a stipulation relating to preservation of jurisdiction over the decision. The relevance of the rejection of why the district court is talking about it is that it relates to whether the bankruptcy court had jurisdiction to rule on the motion to reconsider. Well, at least it was argued by the landlord. Right. No, I understand that. Well, anyway, I hope I haven't confused things. But that was the way I understand it. My time is about to expire. I would, if there are no other questions, simply urge this panel to affirm the district court decision on the merits and on the principles that were stated in that decision. I think it was right. Well, let's see if either of the other panel judges have questions. We could give you a little more time because we're going to give the appellants some more time. No questions. Thank you. Thank you all very much. Now, we'd be happy to give you a few minutes for rebuttal. I don't think I'll, unless you have questions, I don't think I'll take very long. I do want to reemphasize, which I think the point has been well made, that there was never the filing of a proof of claim by this landlord in the bankruptcy. Case number one. A proof of claim. There was never a filing of a proof of claim. Again, the trustee has the ability in a bankruptcy case to flush out claims by setting a deadline for the filing of claims. That has never happened either in the bankruptcy estate. There was no need nor deadline for the bankruptcy court to file any kind of a proof of claim. The landlord is making, other than the contested letter of credit issue, the landlord has never made a claim against any of the property of his estate. What you have is a free, according to the rejection provisions of the bankruptcy statute, a breached lease as of the day before the filing. As with any other breached lease, a breached contract, it seems to me, the party creditor can file a claim, or if the trustee contends that the contract, although breached, still gives it some rights, they can file an adversary proceeding. What's wrong with that? I don't understand either on jurisdictional grounds what's wrong with it or why it depends on the landlord filing a claim. The ---- I understand that the executory contracts out, and I don't even think that the removal ---- that the reservation in this particular record particularly matters. Okay. Let's forget that. I still don't understand why we don't have exactly what the bankruptcy court says we have, code says we have, which is a lease that was breached on the day before the petition was filed, with whatever consequences that has for the parties. I believe because of the nuance of this case, in this particular case, with what Judge Steiner did, was he said, again, it's kind of a compartmentalization that he did, which is he said this thing that the security deposit that the landlord or the tenant is going after. All right. But then you're saying everything turns on a letter of accreditation. And you're ---- So if this were a cash deposit that the landlord had taken at that point, you wouldn't have any problem related to the rejection from the ---- with regard to what the trustee did here? I wouldn't have any problem with the more narrow analysis of it is that it's property of the estate, that it is actual property of the estate that the estate would have a right to go after. But it is not ---- But it's not the estate. It's a cause of action for return of the deposit. Well, Judge Steiner indicated that if there was a cause of action, he didn't have jurisdiction over it. All right. So basically you've backed off the rejection issue. You're now saying the rejection didn't matter. All that matters is a letter of credit. Well, I can't back off of it because of my responsibilities to my clients. I'm not stipulating that the issue is not there. I do see ---- I understand your argument, however. The ---- One of the concerns, again, in kind of the ---- this odd world that we bring to, again, there was nothing preventing the trustee from noting up a hearing before the court with regards to presentation of its own findings, conclusions of law. I accept the fact that the judge instructed us to do that, and we did not do that. But there was nothing preventing the trustee from doing that on their own and avoiding where we are right now. And that relates to the underlying decisions, right? Correct. But assuming that there's no jurisdiction as to appeal of the underlying decisions, why can't there still be jurisdiction on the appeal of the motion to reconsider being denied? Well, I'm obviously ---- I thought that we had precedent on that. I'm sorry? I thought the Ninth Circuit had analogous precedent on that issue at least. Well, I'm troubled by the fact of this one particular rule that was mentioned, but I'm wondering if your comment is without regards to the 150-day rule. No, it has nothing to do with that. It has to do with just basically what the district court ---- what I thought the district court's reasoning was, saying I have no jurisdiction on appeal of the July 2002 rulings, but I do have jurisdiction on the denial of the motion to reconsider. I don't see what ---- that seems to me straightforward. So unless I'm missing something, it seems to me that he did have that jurisdiction. It's been a tough standard, but he had jurisdiction on that. I ---- before I walk into this room, I would say, yes, the district court would have jurisdiction, but if this rule that Judge Berzon called to my attention has any applicability, is it possible that when the rights of appeal extinguished, it moves out the opportunity to consider a motion for reconsideration in that appeal as well? Subject to that rule, which we might want some ---- we might give you a chance to write a brief on it. I appreciate it. All right? I don't have anything further. Anything further from the panel? Thank you. We appreciate the argument. One cast versus Nancy James shall be submitted. Thank you, Your Honor. If we're going to want supplemental briefing, we would advise you by order. Thank you very much. So this case is submitted now.
judges: Gould, Berzon, Schwarzer